**FILED**
May 11, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____kkc_____
       DEPUTY

UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

**Petition for Person Under Supervision**
WDTX: 1:21-mj-416-ML

| | |
|---|---|
| Name of Offender: | Michael David Carroll |
| Case No.: | 3:13-CR-00076-N(1) |
| Name of Sentencing Judge: | U.S. District Judge David C. Godbey |
| Date of Original Sentence: | March 17, 2014 |
| Original Offense: | Wire Fraud, 18 U.S.C. § 1343, a class C felony |
| Original Sentence: | 70 months custody, 2-year term of supervised release. September 14, 2018: Custody sentenced reduced to 64 months |
| Revocations: | None |
| Detainers: | Cottonwood Shores, Texas, Police Department |
| U.S. Marshals No.: | 46094-177 |
| Type of Supervision: | Supervised Release |
| Date Supervision Commenced: | July 19, 2019 |
| Assistant U.S. Attorney: | David L. Jarvis |
| Defense Attorney: | Chris Woodward (Court appointed) |

**Petitioning the Court for Action for Cause as Follows:**

To issue a violator's warrant.

The probation officer believes that the person under supervision violated the following conditions:

I.

*Certified a true copy of an instrument on file in my office on  6-25-20 .*
*Clerk, U.S. District Court,*
*Northern District of Texas*
*By _____ Deputy*

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state, or local crime.

**Violation of Standard Condition No. 1**

The defendant shall not leave the judicial district without the permission of the court or probation officer.

**Violation of Standard Condition No. 11**

The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

**Nature of Noncompliance**

Mr. Carroll violated this condition of supervised release on May 29, 2020, by committing the offense of Theft over $2,500 and under $30,000. Mr. Carroll passed a personal check to Bay Marina in Cottonwood Shores, Texas, located in the Western District of Texas, in the amount of $16,985.64 for the purchase of two jet skis. The check was returned for insufficient funds, and the jet skis were reported as stolen. During the investigation, it was discovered Mr. Carroll committed similar offenses by passing checks in the

amount of $900 for a paddle board and equipment, and $250,000 for a boat; however, he was unable to take possession of the boat because the check did not clear. One of the jet skis was recovered in Kingsland, Texas, and seized by the Cottonwood Shores, Texas, Police Department (CSPD). The other jet ski has not yet been recovered. On June 5, 2020, the CSPD issued a warrant for Mr. Carroll's arrest.

On June 18, 2020, Chief Liendo of the CSPD contacted Mr. Carroll who stated he would return the missing jet ski by the end of the day to Bay Marina and wire money to the business to take care of the "mess." According to Chief Liendo this was the second or third time Mr. Carroll stated he would wire the money; however, he has not followed through. Furthermore, as of the drafting of this petition, Mr. Carroll has failed to report this contact with law enforcement.

## II.

### Violation of Standard Condition No. 2

The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

### Nature of Noncompliance

Mr. Carroll violated this condition of supervised release by failing to complete monthly supervision reports for the months of September, October, November, December 2019; and January, February, March, April, and May 2020. On May 26, 2020, this officer instructed Mr. Carroll to complete all delinquent monthly report forms; however, to date, he has failed to follow the instruction.

## III.

### Violation of Standard Condition No. 3

The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

### Violation of Special Condition

The defendant shall provide to the probation officer complete access to all business and personal financial information.

### Nature of Noncompliance

Mr. Carroll violated this condition of supervised release when he failed to complete a financial packet as instructed to do so on May 26, 2020. He was directed to return the completed documents to this officer by June 5, 2020; however, to date, Mr. Carroll has failed to follow the instruction.

## IV.

### Violation of Special Condition

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $50 per month, whichever is greater.

Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

## Nature of Noncompliance

Mr. Carroll violated this condition of supervised release by failing to make restitution payments as ordered by the Court. Mr. Carroll failed to make restitution payments for the months of October, November, December 2019; and January, February, April, and May 2020. It should be noted he made two payments in September 2019 and three payments in March 2020. To date, Mr. Carroll has paid $4,400 towards his restitution and the remaining balance is $1,432,740.12; the account is in default status.

### Personal History

Michael David Carroll began his term of supervised release in the Northern District of Texas, Dallas Division, on July 19, 2019. Since that time, he has reportedly resided at his parents' residence located at in Dallas, Texas; however, according to an email to Bay Marina, Mr. Carroll stated, "That is the same account I wrote a $1.8 million check for the new house." Mr. Carroll has been employed by Don Ross Nabb Production as a manager since beginning his term of supervised release.

### Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | None. |
| **Restitution:** | $1,432,740.12 |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

### Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG § 7B1.1(a)(3)(A), p.s. |
| **Criminal History Category:** | III | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 5 to 11 months | USSG §7B1.4(a), p.s. |
| **Restitution:** | $1,432,740.12 | USSG §7B1.3(d), p.s. |

Michael David Carroll
Petition for Person Under Supervision

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the
foregoing is true and correct.

Executed on June 22, 2020
Respectfully submitted,                                    Approved,

_____ for                              _____
Holly Lindle                                               Amber B. Dunn
Senior U.S. Probation Officer                              Supervising U.S. Probation Officer
Dallas                                                     Phone: 214-753-2487
Phone: 214-753-2538

**Order of the Court:**

☐ No action.

☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons

☐ Other or Additional: _____

☒ File under seal until further order of the Court.

_____
The Honorable David C. Godbey
U.S. District Judge

June 24, 2020
Date

# United States District Court
## Northern District of Texas
### Dallas Division

US MARSHALS SERVICE N/TX
DALLAS, TEXAS

2020 JUN 25  P 12: 57

UNITED STATES OF AMERICA

V.

Michael David Carroll

CASE NUMBER: 3:13-CR-076-N

MAG. CASE NUMBER: _____

To: The United States Marshal
and any Authorized United States Officer

## WARRANT FOR ARREST OF PROBATIONER/SUPERVISED RELEASEE

You are hereby commanded to arrest the within-named probationer/supervised releasee and bring him/her, forthwith, before the United States District Court to answer charges that he/she violated the conditions of his/her probation/supervised release imposed by the Court.

NAME OF PROBATIONER/SUPERVISED RELEASEE:

Michael David Carroll

ADDRESS (STREET, CITY, STATE):

Unknown

| PROBATION/SUPERVISED RELEASE IMPOSED BY (NAME OF COURT): | DATE IMPOSED |
|---|---|
| U.S. District Court for the Northern District of Texas, Dallas Divsion | 3/17/2014 |

TO BE BROUGHT BEFORE (JUDGE, NAME OF COURT, CITY, STATE):

_Karen Mitchell_
Karen Mitchell, U.S. District Court Clerk

s/A. Lowe
(By) Deputy Clerk

6/24/2020
Date

## RETURN

Warrant received and executed.

Date Received _____   Date Executed _____

Executing Agency (Name and Address)

Name: _____   (By) _____   Date: _____